UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

In re: ) Case No. 09-17748
)
SHARON E. CASTER, ) Chapter 11
)
      Debtor. ) Judge Pat E. Morgenstern-Clarren
)
) **MEMORANDUM OF OPINION**[1]

    GMAC[2] moves for relief from stay to permit it to exercise its legal rights with respect to debtor Sharon Caster's leased vehicle, and the debtor objects. The parties submitted the issue for decision on the pleadings and briefs,[3] the facts not being in dispute. For the reasons stated below, GMAC's motion is granted.

### JURISDICTION

    Jurisdiction exists under 28 U.S.C. § 1334 and General Order No. 84 entered by the United States District Court for the Northern District of Ohio. This is a core proceeding under 28 U.S.C. § 157(b)(2)(G).

### FACTS[4]

    On May 11, 2007, the debtor and Saturn of Chagrin entered into a lease/option agreement for a 2007 Saturn. The lease provided that the debtor would pay $362.26 a month for 39 months.

---

[1] This case is not intended for publication.

[2] GMAC filed the motion; however, the brief in support was filed by Ally Financial Inc., stating that it was formerly known as GMAC.

[3] Docket 71, 78, 84.

[4] These undisputed facts are drawn from the pleadings, briefs, and the case docket.

At the end of the lease term (August 10, 2010), the debtor either had to return the car or exercise the option to purchase it for $12,936.90, plus fees and taxes.[5] Saturn of Chagrin assigned the lease to GMAC.[6]

When the debtor filed her chapter 7 case on August 19, 2009, she listed the lease on schedule G Executory Contracts and Unexpired Leases. The debtor and GMAC "as assignor" filed a reaffirmation agreement as to the lease; after notice and a hearing, the court denied approval of the agreement based on unresolved questions about the identity of the creditor.[7] The chapter 7 trustee did not assume the lease.

On July 28, 2010, on the debtor's unopposed motion, the court converted the case to chapter 11. The debtor is now attempting to exercise the purchase option by making monthly payments with interest through her chapter 11 plan.[8] GMAC opposes this attempt, and moves for relief from stay.

---

[5] These terms are stated on lines 9 and 34 of the lease. Exh. A, motion at docket 71. Line 10 of the lease states, " See your lease documents for additional information on early termination, purchase options and maintenance responsibilities . . .;" however, no other documents regarding the option have been provided to the court.

[6] The Ohio Certificate of Title lists V.A.U.L. Trust as the owner of the vehicle as the designated agent for GMAC's benefit. *See* Motion, exhibit A at ¶ 40, docket 71; and movant's brief at 2, docket 84.

[7] Docket 7, 9, 12.

[8] The debtor has proposed making monthly payments of $362.00 with interest of 5.25%. *See* docket 85 at 1-2.

## DISCUSSION

### The Positions of the Parties

The debtor opposes relief from stay. She argues that the terms of the purchase option are ambiguous and should be interpreted against the movant to permit her to exercise the option by making plan payments.[9] She contends that GMAC is adequately protected by her proposal to make plan payments, denies that there is no equity in the vehicle, and states that she needs it for her reorganization.

GMAC's position is that the lease was rejected during the chapter 7 case, a decision which cannot be undone. Alternatively, even if the debtor is able to assume the lease in the chapter 11 and exercise the purchase option, the debtor is not really proposing to exercise the option as written. Instead of the lump sum payment called for by the lease, the debtor wants the creditor to finance the purchase through monthly payments. The Bankruptcy Code, GMAC contends, does not permit the debtor to do this without GMAC's consent.

### The Lease

When the debtor filed her chapter 7 case on August 19, 2009, her interest in the unexpired lease became property of the estate. *See* 11 U.S.C. § 541. An unexpired lease that is not assumed within 60 days after the order for relief is entered (as such time may be extended by the court) is deemed rejected. 11 U.S.C. § 365(d)(1). The chapter 7 trustee did not assume the lease within 60 days or request additional time to do so. As a result, the lease was rejected. A chapter

---

[9] A number of the debtor's arguments, including this one, are made in her memorandum in response to GMAC's objection to confirmation and at a hearing held on September 16, 2010. *See* docket 85.

3

11 debtor may only assume unexpired leases "not previously rejected under . . . [§ 365]", 11 U.S.C. § 1123(b)(2), meaning that the debtor may not now assume the lease.

There is some question as to whether the debtor's conversion of the case from chapter 7 to chapter 11 changes this result by giving the debtor additional time in which to assume or reject the lease. *See* 11 U.S.C. § 348(c) (§ 365(d) "appl[ies] in a case that has been converted under section 706 . . . as if the conversion order were the order for relief."). Some cases hold that the time to assume or reject executory contracts recommences in the converted case. *See for example In re Richendollar*, No. 07-70774, 2007 WL 1039065 at *7 (Bankr. N.D. Ohio Mar. 31, 2007) ("Section 348(c) specifies that in a converted case the 60 day time period in § 365(d) for assuming or rejecting an executory contract recommences with the conversion order"); *In re Helm*, 335 B.R. 528, 538 (Bankr. S.D.N.Y. 2006) (noting that "pursuant to § 348(c) a conversion operates to revive the Debtor's right to assume or reject an executory contract"). Others are to the contrary. *See, for example*, *In re Bane*, 228 B.R. 835, 841 (Bankr. W.D. Va. 1998), *aff'd*, 182 F.3d 906 (4th Cir. 1999) (concluding that a new assumption period did not begin to run when a debtor converted his case from chapter 7 to chapter 13).

The court does not need to resolve that legal issue. Regardless of the theory applied, GMAC is entitled to relief under the facts of this case.

## **Relief from Stay**

Bankruptcy Code § 362 provides that on motion of a party in interest, the court shall grant relief from stay for cause. 11 U.S.C. § 362 (d)(1). In addition, § 365(p)(1) provides that "[i]f a lease of personal property is rejected or not timely assumed by the trustee under subsection (d), the leased property is no longer property of the estate and the stay under section 362(a) is

automatically terminated." 11 U.S.C. § 365(p)(1). Under the line of cases that holds that conversion does not provide the debtor with additional time to assume or reject the lease, the lease was rejected during the chapter 7 case, as a result of which the car was no longer property of the estate, the stay automatically terminated, and GMAC is entitled to relief.

The result is the same under the other line of cases. If the debtor has the power to assume the lease in her chapter 11 case, GMAC is still entitled to relief because the debtor is not proposing to assume the lease and exercise the purchase option by its terms. The debtor argues that the option term is ambiguous and does not require her to make a lump sum payment. Accordingly, she contends, the term should be interpreted against GMAC to provide that she may exercise the option through monthly payments. A plain reading of the contract, however, shows that the parties agreed that the debtor could exercise the purchase option by paying a lump sum; there is nothing in the lease to suggest that the creditor agreed to finance that payment. *See In re Jackson*, 105 B.R. 418 (Bankr. S.D. Ohio 1989). The court must give effect to clear and unambiguous contract terms. *First Nat'l Bank of Cincinnati v. Cianelli*, 598 N.E.2d 789, 791 (Ohio Ct. App. 1991). Applying that principle here results in granting the motion for relief from stay.

The debtor argues, as an alternative, that she is entitled to modify the contract terms because this is actually a secured transaction rather than a lease. *See* 11 U.S.C. § 1123(b)(5). While there are some fact patterns in which a document labeled a lease is actually a note secured by an interest in personal property, there is nothing in the facts presented to suggest that this transaction is anything other than a true lease. The debtor may not, then, unilaterally alter its terms.

5

**CONCLUSION**

For the reasons stated, GMAC's motion for relief from stay is granted. A separate order will be entered in accordance with this decision.

_____
Pat E. Morgenstern-Clarren
United States Bankruptcy Judge